Judge Carr
delivered his opinion.
In October, 1777, the Assembly passed an Act sequestering the estates and property of British subjects, and directing the profits to be paid into the loan office, and certificates of such payment to be taken in the name of the proprietor, and delivered to the Governor and Council. In 1796, they pass a law saying, that in all cases where estates have been sequestered under the law of 1777, and money paid into the treasury, it shall be lawful for the Auditor to issue to the person, on whose account such payment has been made, a certificate for the value thereof, with interest at 6 per cent, from the date of the payment. In 1802, it is enacted, that the owners of certificates do deposit them with the treasurer, who shall give a receipt for them, specifying the amount, and distinguishing principal from interest; and upon such receipt being presented to the Auditor, he shall issue a new certificate for the principal, and a warrant for the interest. Secondly. If the holders of certificates do not apply before the 1st of Janua *265 ry, 1803, for warrants for interest thereon, such interest shall cease after that period. An Act passed in 1809, reciting this second section, extends the time for which interest shall be given, on application to the Auditor, to 1811; with a saving to infants, femes covert, and persons of unsound mind.
The appellant is the administrator of Martin a British subject, whose estate was sequestered. He applied, in 1822, to the Auditor, who gave him a certificate for the principal, bearing date the 14th of May, 1822,'without interest, and a warrant for the interest up to the 1st of Janury, 1811. The question is, has Martin a right to the interest from 1S11 to 1822, the date of his certificate ? And this question is to be solved by the Acts of Assembly, which I have stated. It is not a question of power, or of justice, but of intention purely.
The law of 1796, on the presumption, probably, that the certificates directed by the first Act, had been lost or destroyed during the revolution, dispenses with their production, and entitles every person, in whose name money had been paid into the treasury, to a certificate for the value thereof, with interest at 6 per cent. In 1802, the Legislature, anxious to liquidate and discharge, as far as they could, these debts, direct that the certificates shall be pro" duced to the treasurer, who shall give a receipt, on which the Auditor shall issue a new certificate for the principal, and pay off, by warrant, the interest; and that, if the holder did not apply before January, 1803, he should lose his interest after that time. ■ This law the Legislature had a right to pass, and its meaning seems very clear. They intended, I have no doubt, to include in its provisions, every British subject, who had a claim for payments into the treasury; no matter whether he had obtained a certificate of such payment, or not. It is true, they say “the owners of such certificates,” &,e. but these terms are used, I think, because having, by a former law, directed all claimants to procure this evidence of their debt, they presumed that *266 this was done; and that the “ owners of certificates” comprehended all claimants. On what possible ground of policy or justice, could they intend to make a distinction against the diligent, who, in obedience to their law, had gotten certificates, and in favor of the negligent, who had slept on their claims? That non-residence would not give this advantage, or suspend the operation of the law, is clear; because the whole class, on which it was meant to operate, were foreigners; and this is more especially clear, under the law of 1809, extending the interest to 1811; for, this law has a saving of the rights of infants, femes covert, and insane persons ; but none as to persons out of the Commonwealth.
Being convinced, therefore, that the law meant to embrace the case, and that the spirit and equity, if not the letter, does embrace it, I am for affirming the decree.
Judges, Green and Coalter, concurred, and the decree was affirmed.*